UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
:
FAMOSA, CORP.,                      :
:
            Plaintiff,  :     11 Civ. 5703 (KBF)
:
        -v-                         :     MEMORANDUM OPINION &
:                ORDER
GAIAM, INC.,                        :
:
            Defendant.  :
:
------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: FEB 22 2012

KATHERINE B. FORREST, District Judge:

On August 16, 2011, plaintiff Famosa, Corp. brought this patent infringement action against Gaiam, Inc., alleging infringement of six separate patents. (See generally Compl. (Dkt. No. 1).) Plaintiff now moves for partial summary judgment as to the infringement of one of the six patents, United States Patent No. D471,025 (the "'025 patent."). In addition to non-infringement, defendant has asserted a variety of defenses including invalidity. (See Def. Gaiam, Inc.'s Answer and Demand for Jury Trial ("Answer") (Dkt. No. 12) ¶¶ 75-83.) This Memorandum & Order does not address any invalidity challenge. It simply decides plaintiff's motion for partial summary judgment of design patent infringement of the '025 patent.

For the reasons set forth below, plaintiff's motion is GRANTED.

1

FACTUAL BACKGROUND

For purposes of this motion, this Court limits its discussion to the factual issues relevant to the '025 patent. The below recitation of facts are undisputed unless otherwise indicated.

The '025 patent is a design patent relating to an exercise ball that sits on an ornamental frame (the "Ball Chair"). (Decl. of Mord Michael Lewis ("Lewis Decl.") (Dkt. No. 22) Ex. 1.) On May 10, 2011, the sole inventor of the '025 patent, Ciber Chiu, assigned the '025 patent to Famosa. (Famosa Corp.'s Am. Local Rule 56.1 Statement of Undisputed Material Facts in Supp. of its Motion for Partial Summ. J. ("Pl. 56.1 Stmt.") (Dkt. 36) ¶¶ 1, 6.) Beginning on or about 2001, and continuing until sometime in 2010, Famosa or a separate company, Ciber International Corp. ("Ciber"), made certain exercise chairs and sold them to Gaiam. (See Pl. 56.1 Stmt. ¶ 7; see also Answer ¶ 12 ("from some time in 2001 to some time in 2010, it purchased exercise chairs from Gaiam"); Lewis Decl. Ex. 19.)[1] Thus, the parties do not dispute that Gaiam had "access" to a product embodying the '025 patent. (See Answer ¶ 12; Lewis Decl. Ex. 19.)

---

[1] Exhibit 19, a "true and correct copy" of a Certificate of Origin showing sales by Ciber International Corp. to Gaiam for BalanceBall chairs (Lewis Decl. ¶ 20) is admissible under the business records exception to the hearsay rule. Fed. R. Evid. 803(6).

2

At some point after 2001, the precise timing of which is not necessary to resolution of this motion, Gaiam commenced selling the product it was purchasing from Ciber under the name "BalanceBall" (referred to as the same herein). (<u>Cf.</u> Lewis Decl. Ex. 20.)[2] In August 2010, Chiu contacted Gaiam's Vice President of Business and Legal Affairs and asserted that by selling the alternate ball chair, Gaiam was infringing on, <u>inter alia</u>, the '025 patent. (<u>See</u> Pl. 56.1 Stmt. ¶ 14; <u>see also</u> Lewis Decl. Ex. 20.) Gaiam conceded that it was "well aware" of the '025 patent, but stated that it did not believe it was engaged in infringement. (Pl. 56.1 Stmt. ¶ 14 (citing Lewis Decl. Ex. 20).)

The BalanceBall and the Ball Chair are sold in nearly-identical packaging: the packaging discloses the design of both chairs--which appear, for all intents and purposes, to be identical; the packaging bears the same wording, the same photograph of someone sitting on a ball chair in the same position, the same reference to inclusion of a 16 page exercise guide, and, notably, the same reference to the '025 patent.

---

[2] Defendant disputes this fact as "unsupported by admissible evidence." (Def.'s Resp. to Pl.'s Local Rule 56.1 Statement of Undisputed Facts ("Defs. 56.1 Resp.") (Dkt. No. 33) ¶ 14.) The Court finds, however, that Exhibit 20 to the Lewis Declaration is admissible on a variety of bases: it has sufficient indicia of authenticity to be admissible, and it is not being admitted for the truth and thus, is not hearsay. To the extent certain statements are considered for their truth, they are an admission of a party opponent, <u>see</u> Fed. R. Evid. 801(d)(2)(E), or admissible under Fed. R. Evid. 807.

(See Lewis Decl. Ex. 16.)[3] A comparison of the designs of the BalanceBall and the Ball Chair shows they are nearly identical. (See id.; see also id. Ex. 2.)

There are 10 references to prior art cited on the face of the '025 patent. (See Lewis Decl. Ex. 1.) None of the prior art comes close in design to the '025 patent:

- The '151 patent is a straight office chair without any ball, without arms and with a square, tufted seat (Lewis Decl. Ex. 3);

- The '770 patent is also a design for an office chair, without any ball, without arms, and with a square smooth seat (id. Ex. 4);

- The '461 patent is another office chair without a ball, but with two arms and a square smooth seat (id. Ex. 5);

- The '680 patent is an office chair without a ball, no arms, but with a rounded seat (id. Ex. 6);

- The '321 patent is a ball seat without any frame--i.e., it is simply a ball (id. Ex. 7);

- The '841 patent is an office chair with a curved back, no ball, no arms, and a squarish smooth seat (id. Ex. 8);

- The '389 patent is for a pneumatic, ball shaped chair, with a flat, low squarish platform on which it sits (with wheels), two tubular arms, and a back support that reaches up in a tube (id. Ex. 9);

- The '943 patent is an "ergonomic seating unit," with a ball sitting on a circular platform, and a backrest and arms that are one continuous tube (id. Ex. 10);

- The '559 patent is a utility patent for a ball shaped seat that does not rest on any platform (id. Ex. 11); and

---

[3] See infra at 9-10 for discussion of the admissibility of Exhibit 16.

4

- The '070 patent is a utility patent for a pneumatic, ball-shaped chair in which the ball sits on a platform raised off the ground within a nesting component that is attached to a squarish-shaped platform (id. Ex. 12).

DISCUSSION

I.  STANDARD OF REVIEW

In reviewing a motion for summary judgment, this Court must determine whether there are material issues that must be determined by a trier of fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 327, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). If the party opposing a summary judgment motion does not raise a triable issue of fact, the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; Celotex, 477 U.S. at 324. The Court must construe the facts and draw all reasonable inferences in favor of the non-moving party. McClellan v. Smith, 439 F.3d 137, 144 (2d Cir. 2006). To demonstrate the existence of a material, disputed issue of fact, the non-movant must do more than rely upon conclusory allegations or speculation--i.e., it "must offer some hard evidence showing that its version of events is not wholly fanciful." D'Amico v. City of New York, 132 F.3d 145, 149 (2d Cir. 1998). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

5

The Federal Circuit has determined that the appropriate legal standard for assessing claims of design patent infringement is the "ordinary observer test." Egyptian Goddess, Inc. v. Swisa, Inc., 543 F.3d 665, 678 (Fed. Cir. 2008). That test asks whether an ordinary observer, familiar with the prior art, would be deceived into thinking that the accused design was the same as the patented design. See id. at 677-78. Infringement will not be found unless the accused article embodies the patented design or any colorable imitation thereof. Id. Thus,

> when the claimed and accused designs are not plainly dissimilar, resolution of the question whether the ordinary observer would consider the two designs to be substantially the same will benefit from a comparison of the claimed and the accused designs with the prior art.

Id. at 678.

II. THE '025 PATENT

Any slow, medium, or fast comparison (i.e., one ranging from cursory to in-depth) of the Ball Chair (i.e., the '025 design) and the BalanceBall (i.e., Gaiam's accused product) leads to but one conclusion: not only are the designs substantially similar, they are nearly identical. In all respects that would be apparent to an ordinary observer, with knowledge of the prior art, they are identical. It is not a

close call. It is clear that the accused product infringes the '025 patent as a matter of law.

As required by the Federal Circuit, this Court has also reviewed each of the prior art references: none comes close to the design set forth in the '025 patent; and therefore, none comes close to the design of Gaiam's accused product. Without a doubt, an ordinary observer looking at both products would be deceived. See Egyptian Goddess, 543 F.3d at 677-78. No rational trier of fact could find otherwise.

Faced with that reality, defendant raises various arguments: (a) that the motion is premature and discovery is needed before it can be decided (see Def. Gaiam's Mem. of Law in Opp'n to Pl. Famosa Corp.'s Mot. for Partial Summ. J. of Design Patent Infringement ("Def. Opp'n") (Dkt. No. 32) at 18-22; see also Decl. of Cynthia S. Arato (Dkt. No. 32-1) ¶¶ 9-13); (b) that evidence of the Gaiam product is not contained in admissible evidence sufficient under Rule 56 (see, e.g., Def.'s Resp. to Pl.'s Local Rule 56.1 Statement of Undisputed Facts ("Defs. 56.1 Resp.") (Dkt. No. 33) ¶¶ 12-18); (c) that an expert in industrial design has compiled a list of differences that allegedly raise a triable issue as to similarity (Def. Opp'n at 8-10 (citing Decl. of Spencer Mackay (Dkt. No. 32-2))--i.e., that the differences between the Ball Chair and the BalanceBall are not "trivial" or "insignificant"; and (d) that plaintiff

7

fails to consider properly the prior art (Def. Opp'n 14-17). None of those arguments has merit--or even requires significant discussion.

### A. The Discovery Defendant Has Requested.

Summary judgment is entirely appropriate at an early stage in a case where, as here, the issues are cut and dry. The fact that this motion has been brought prior to discovery is of no moment--no discovery is necessary. This Court has precisely the record required to determine whether the "ordinary observer" test is satisfied as between the '025 patent and the accused product--*i.e.*, the patent, each of the prior art references, a statement regarding Gaiam's access, the comparison of the various elements and the photographs of the packaging that show the accused product and that covered by the '025 patent. Egyptian Goddess, 543 F.3d at 677-78. Nothing more is needed.

The fact that defendant was unable to depose the '025 inventor and owner of Famosa, Mr. Chiu, is entirely irrelevant to this stage of the proceeding. (See Arato Decl. ¶ 10.) The law is quite clear that a Court can itself make an "ordinary observer" comparison and does not need survey evidence other than the "comparison of the claimed and accused designs with the prior art." Egyptian Goddess, 543 F.3d at 678.

Nor is additional inquiry necessary into prior art. This Court has examined the prior art cited (see Lewis Decl. Exs.

8

3-12), which is sufficient at this stage of the proceeding. See Egyptian Goddess, 543 F.3d at 678. If defendant wants to seek to invalidate the patent by a claim of fraud on the patent office-- or otherwise--that is for another day. The prior art listed on the face of the patent itself is sufficient for the Court's comparison. Id. There is no authority to the contrary.

Discovery here would simply delay the inevitable and create needless expense. Given the Court's finding that no rational fact-finder could determine that there is anything other than near identity of the BalanceBall and the Ball Chair, the discovery sought would be useless. Accordingly, defendant's Rule 56(d) motion is denied.

    B.   The Photograph of the Accused Product is Admissible Evidence.

Plaintiff has put forward two examples of the accused product: (i) a side-by-side comparison of figures of the '025 patent from different angle with drawings of the accused product (Lewis Decl. Ex. 2); and (ii) a side-by-side comparison of photographs of the packaging for the '025 product with the packaging for the accused product, both of which display photographs of the two products (id. Ex. 16). Defendant does not claim that either of the embodiments of the accused product are inaccurate in any way--just that the evidence is inadmissible. (See Def. 56.1 Resp. ¶¶ 12-18.)

This Court does not have to rely on Exhibit 2 for its comparison. Instead, the Court has relied on the comparison of the photograph of the accused product's packaging to the photograph of the '025 design product's packaging. (See Lewis Decl. Ex. 16.) Contrary to defendant's contention, those photographs are admissible under Rule 807 of the Federal Rules of Evidence. First, they are "offered as evidence of a material fact." Fed. R. Evid. 807(A). Second, in attaching the photographs to his declaration, Mr. Lewis attested that the pictures of the packaging are "true and correct" copies (Lewis Decl. ¶ 17), verifying their authenticity. Those two facts coupled the fact that defendant does not dispute Exhibit 16's authenticity provide "equivalent circumstantial guarantee[] of trustworthiness" to admit Exhibit 16 on this motion. See Fed. R. Evid. 807. Accordingly, there is sufficient, admissible evidence before the Court for it to conduct the ordinary observer test.

C.   The Expert Opinion and Consideration of the Prior Art.

Defendant also proffers the opinion of Spencer Mackay, a proposed expert in industrial design. (See generally Mackay Decl. (Dkt. No. 32-2).) Mr. Mackay finds ten differences between the accused product and the '025 patent. (Id. ¶¶ 8, 10, 12-20, Ex. 1.) Such differences from an expert are neither here nor there on this motion.

10

The ordinary observer test is specifically not a test of what an expert might find. As the Supreme Court stated more than one hundred years ago, "To constitute infringement of a patent for a design, it is not essential that the appearance should be the same in the eye of the expert. The test of a patent for a design is the eye of an ordinary observer . . . ." Gorham Co. v. White, 81 U.S. 511, 527 (1871). Specifically regarding differences pointed out by an expert, the Court said that if that was always required "there never could be piracy of a patented design, for human ingenuity has never produced a design, in all its details, exactly like another, so like, that an expert could not distinguish them." Id.

Further, defendant's argument that a comparison of the prior art yields a contrary outcome for an ordinary observer-- i.e., that the elements that defendant classifies as "functional" were "prevalen[t] in the prior art," rendering a finding of non-infringement--is incorrect. In Crocs, Inc. v. International Trade Commission, 598 F.3d 1294 (Fed. Cir. 2010), the Federal Circuit addressed how such an observation should impact a Court's ordinary observer analysis: "If the claimed design is close to the prior art design, small differences between the accused design and the claimed design assume more importance to the eye of the hypothetical ordinary observer." Id. at 1303. The Court does not find that the Ball Chair is

11

"close" in design to the prior art. (Compare Lewis Decl. Exs. 3-12 with Lewis Decl. Exs. 2, 16; see also supra at 4.) Even the prior art that includes a ball in the design of the chair (and not all prior art cited does) has design features that render it easily distinguishable from the Ball Chair. (Compare Lewis Decl. Exs. 7, 9-12 with Lewis Decl. Exs. 2, 6; see also supra at 4.) Such a comparison does not change the outcome of this motion.

Relying on precisely the test that the Federal Circuit has promulgated to determine design infringement, this Court finds unequivocal near identity of the Ball Chair and the BalanceBall--i.e., well beyond the "substantial similarity" required to find infringement of a design patent. See Egyptian Goddess, 543 F.3d at 678.

## CONCLUSION

For the aforementioned reasons, plaintiff Famosa, Corp.'s motion for partial summary judgment as to infringement of the '025 is GRANTED.

The Clerk of the Court is directed to terminate the motion (Dkt. No. 21).

SO ORDERED:

Dated: New York, New York
       February 22, 2012

                                        _____
                                             KATHERINE B. FORREST
                                             United States District Judge