UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
:
FAMOSA, CORP.,                      :
                                    :
                    Plaintiff,      :   11 Civ. 05703 (KBF)
                                    :
         -v-                        :   MEMORANDUM OPINION &
                                    :          ORDER
GAIAM, INC.,                        :
                                    :
                    Defendant.      :
------------------------------------X

KATHERINE B. FORREST, District Judge:

   This patent infringement action was filed in August 2011 by Famosa, Corp. against a former customer and now competitor, Gaiam, Inc. Plaintiff asserts that defendant has infringed four patents: U.S. Patent No. 7,044,558 ("the '558 patent"), U.S. Patent No. 6,702,388 ("the '388 patent"), U.S. Patent No. 6,832,817 ("the '817 patent") and U.S. Patent No. D471025 ("the '025 patent"). On February 22, 2012, this Court granted summary judgment in favor of Famosa as to infringement of the '025 design patent.[1] (Dkt. No. 42.)

   All of the patents at issue relate to what is best described as a "ball chair." Each patent relates to different aspects of what most people would think of as an inflated exercise ball positioned upon a frame that is used as a chair.

---

[1] There are two additional patents as to which plaintiff asserts false marking and false advertising claims, but not infringement claims: U.S. Patent No. D471371 and U.S. Patent No. D503553.

The various patents relate to different aspects of the ball's placement on the frame and ways of securing the ball to the frame to prevent the ball from falling off.

Plaintiff has asserted infringement with respect to claim 5 of the '558 patent, claims 1 and 3 of the '388 patent, and claims 1, 2 and 3 of the '817 patent. In connection with those infringement assertions, the parties now ask this Court to construe four phrases: (1) "guard rod" (relevant to claims 1 and 3 of the '388 patent and 1, 2 and 3 of the '817 patent); (2) "curved to correspond" (relevant to claim 3 of the '388 and claim 5 of the '558 patents); (3) "mounted on and extending up from" (relevant to claim 5 of the '558 patent); and "retaining walls" (relevant to claim 5 of the '558 patent).[2]

The parties submitted opening claims construction briefs on February 10, 2012, and completed briefing on February 24, 2012. (See Dkt. Nos. 39, 40, 43, 44.) The Court held a Markman hearing on March 8, 2012.

This Court's ruling on claim construction is set forth below.

---

[2] Courts routinely construe similar language in distinct claims consistently. See, e.g., Lucent Techs., Inc. v. Newbridge Networks Corp., 168 F. Supp. 2d 181, 200 (D. Del. 2001); Computer Stores Nw., Inc. v. Dunwell Tech, Inc., No. 10 Civ. 284 (HZ), 2011 WL 2160931, at *17 (D. Or. May 31, 2011); Mirror Imaging, L.L.C. v. Affiliated Computer Servs., Inc., No. 02 Civ. 73629 (DT), 2004 WL 5644804, at *2 (Feb. 26, 2004, E.D. Mich). Thus, the Court construes each of the four terms at issue only once, but such construction will apply to the terms' usage in all the patents.

2

I.   THE LAW GOVERNING CLAIM CONSTRUCTION

Infringement and invalidity are factual questions, Nystrom v. TREX Co., Inc., 339 F.3d 1347, 1350 (Fed. Cir. 2003), but depend on the meaning and scope of the claimed invention. As a result, a necessary step to reaching the merits of the parties' respective contentions is determining the scope and meaning of the patent claims at issue. See Markman v. Westview Instruments, Inc., 517 U.S. 370, 116 S.Ct. 1384, 134 L.Ed.2d 577 (1996). In Markman, the Supreme Court established that claim construction is solely without a court's purview, not a jury's. Id. at 382, 390-91.

The claims of a patent define the invention to which a patentee has been given a right to exclude. See Cont'l Paper Bag Co. v. E. Paper Bag Co., 210 U.S. 405, 419, 28 S.Ct. 748, 52 L.Ed.2d 1122 (1908); Phillips v. AWH Corp., 415 F.3d 1303, 1312 (Fed. Cir. 2005)(en banc); Innova/Pure Water, Inc. v. Safari Water Filtration Sys., Inc., 381 F.3d 1111, 1115 (Fed. Cir. 2004). Accordingly, the first and most important reference point for a court is the language of the claims themselves. Merrill v. Yeomans, 94 U.S. 568, 570 (1876); Phillips, 415 F.3d at 1312; NTP, Inc. v. Research in Motion, Ltd., 418 F.3d 1282, 1299 (Fed. Cir. 2005); Vitronics Corp. v. Conceptronic, Inc., 90 F.3d 1576, 1582 (Fed. Cir. 1996).

While it is a court's job to elaborate on claim language that can sometimes be terse and/or difficult to parse, it need not--and should not--construe language that is clear on its face. In other words, courts should refrain from reading meaning into easily-understandable terms. See Tate Access Floors, Inc. v. Interface Architectural Res., Inc., 279 F.3d 1357, 1371 (Fed. Cir. 2002) ("[L]imitations from elsewhere in the specification will not be read in where, as here, the claim terms are clear."). Claim construction should not be a backdoor process by which the scope of a claim is narrowed or expanded, thereby altering the scope of the invention with respect to which the patentee has exclusion rights. Terlep v. Brinkmann Corp., 418 F.3d 1379, 1382 (Fed. Cir. 2005).

To the extent that the language of a claim is not clear on its face, a court looks both to intrinsic and extrinsic evidence. Phillips, 415 F.3d at 1317. Intrinsic evidence is often dispositive and should always be the starting place. Id. Intrinsic evidence includes the patent's specification as well as the patent's prosecution history before the Patent and Trademark Office. Id. However, limitations from the specification should not be read into the claims. Comark Commc'ns v. Harris Corp., 156 F.3d 1182, 1186 (Fed. Cir. 1998); see also Tate Access Floors, Inc., 279 F.3d at 1371.

4

If this Court did not find that intrinsic evidence provided enough information to construe the language of the claims at issue, it could turn to extrinsic evidence. See Phillips, 415 F.3d at 1317. Extrinsic evidence can include expert and inventor testimony, dictionaries, and learned treatises. Id.; Vitronics, 90 F.3d at 1584. The Court need not refer to extrinsic evidence, even if presented by a party, if it finds the intrinsic evidence sufficient to construe the claim, particularly where, as here, the claim language is clear on its face. Cf. Union Carbide Chems. & Platics Tech. Corp. v. Shell Oil Co., 308 F.3d 1167, 1180 (Fed. Cir. 2002).

Claim construction frequently leads ineluctably to findings regarding infringement or invalidity: each side presents a construction that either necessarily corresponds to a finding relating to whether there has or has not been infringement, or necessarily corresponds to prior art that could lead to a finding of invalidity. Courts must exercise caution and stay with the precise construction task at hand--and refrain from undertaking a fact-finding mission as to where a particular construction of a claim would--or could--lead.

II. CLAIM CONSTRUCTION FOR THE PATENTS AT ISSUE

    A. The Parties' Relative Positions

The below table summarizes the parties' relative positions as to the claim terms at issue. Where the parties have similar

proposals, but one adds proposed language, the additional language is underlined):

| Term | Famosa's Proposal | Gaiam's Proposal |
|---|---|---|
| "guard rod" | Guard rod | A thin rigid bar with a circular cross-section |
| "curved to correspond" | Conforms <u>generally</u> to the curvature of the ball-shaped cushion | Conforms to the curvature of the ball-shaped cushion, <u>abutting the ball-shaped cushion for most of the length of the guard rod, along front and side surfaces of the ball-shaped cushion</u> |
| "mounted respectively on and extending up from" | Positioned above and extending up from | Each retaining device is attached to the front and rear edge, respectively, of the seat frame and each stretches out in distance vertically from the seat frame |
| "retaining walls" | A generally upright construct | A generally upright construct <u>having a length greater than its thickness and presenting a generally continuous surface</u> |

With respect to three of the four phrases at issue, Gaiam has suggested a construction that reads into the words themselves English language interpretations of the pictured embodiment in the specification drawings. Thus, Gaiam proposed that a "guard rod" is a "thin rigid bar with a circular cross section," that "curved to correspond" to the phrase "conforms to

6

the curvature of the ball-shaped cushion for most of the length of the guard rod, along the front and side surfaces of the ball-shaped cushion," and that "mounted respectively on and extending up from" means "[e]ach retaining device is attached to the front and rear edge, respectively, of the seat frame and each stretches out in distance vertically from the seat frame." (Gaiam Inc.'s Opening Claim Construction Br. ("Gaim Br.") (Dkt. No. 39) at 1.)

As discussed below, this Court finds that reading into the claim what could be construed as limiting language would be inappropriate claim construction. Construing what the phrase "guard rod" means does not require this Court to determine whether different shapes and sizes of guard rods are (essentially) equivalent.

Both parties have suggested the Court consider extrinsic evidence in its construction of the four claims at issue by referring to dictionaries to assist with construing various words in the claims, including "rod" and "wall." (See, e.g., Gaim Br. at 11, 12; Famosa Corp.'s Opening Claim Construction Brief ("Famosa Br.") (Dkt. No. 40) at 17.)

The Markman hearing in this case occurred on March 8, 2012. Each party presented oral argument; neither party presented any witnesses skilled in the art. In addition, at the Markman hearing, the parties agreed (as they must) that the

specification includes the drawings included within the patent itself. Neither party has made arguments based on the prosecution history of the patents.

With respect to the four claims the parties have asked this Court to construe, the Court does not find that reference to extrinsic evidence is necessary.

The parties made clear at the <u>Markman</u> hearing that the Court's ruling on the respective claim constructions could result in motion practice regarding "equivalency" of the patented and accused products.[3]

B. "Guard Rod" and "Retaining Wall"

This Court is confident that a jury will understand the phrases "guard rod" and "retaining walls." It therefore declines to construe them; their respective meanings are plain on their face.

C. "Curved to Correspond"

The parties noted their consensus at the <u>Markman</u> hearing that the phrase "curved to correspond" means at least "conforms generally to the curvature of the ball-shaped cushion." The Court does not believe the jury will need any additional words to understand the phrase "curved to correspond."

---

[3] The doctrine of equivalents provides that "a product that does not literally infringe upon the express terms of a patent claim may nonetheless be found to infringe if there is 'equivalence' between the elements of the accused product or process and the claimed elements of the patented invention." <u>Warner-Jenkinson Co. v. Hilton Davis Chem. Co.</u>, 520 U.S. 17, 21, 117 S.Ct. 1040, 137 L.Ed.2d 146 (1997).

Accordingly, the Court declines to add the additional words suggested by Gaiam: "abutting the ball-shaped cushion for most of the length of the guard rod, along the front and side surfaces of the ball-shaped cushion." (Gaiam Br. at 1.)

D.  "Mounted Respectively on and Extending up From"

At the Markman hearing, the parties agreed that the sole issue with respect to this phrase relates to whether the ball is "mounted" on the frame or "attached" to the frame. (The parties thankfully agreed that the word "up" means "up.") Famosa suggests that the phrase "mounted respectively on" means "positioned above" (Famosa Br. at 14); Gaiam claims that it means "each retaining device is attached to the front and rear edge respectively, of the seat frame" (Gaiam Br. at 2). The claim itself reads "two retaining devices mounted respectively on and extending up from the front edge and the rear edge of the seat frame." (See Compl. Ex. 3, claim 5, lines 24-25.)

Gaiam's construction goes too far but Famosa's construction does more than it needs to do. Gaiam seeks to have this Court construe the phrase "mounted respectively on"--the actual phrase presented to this Court as requiring construction--as necessarily including the surrounding language but with the word "mounted" replaced with the word "attached." There is no doubt that Claim 5 of the '558 patent in fact requires that there be "two retaining devices mounted respectively on and extending up

9

from the front edge and the rear edge of the seat frame"--but all of those words are not needed to construe simply "mounted respectively on."

This Court does not believe that the phrase "mounted respectively on" requires any construction. The Court does not believe Famosa's proposal of "positioned above" would assist the jury in any way. A jury is most likely to understand what the phrase means based on the language in which it is written. Less is more in this, as in so many, instances.

## CONCLUSION

For the reasons set forth above, the Court finds that phrases nos. 1, 2 and 4 are clear on their face. The Court construes phrase no. 3 consistent with the extent of the parties' agreement (exclusive of the additional language offered by Gaiam).

There was a fair amount of discussion at the Markman hearing regarding whether certain types of, for instance, guard rods were or were not equivalent to other types. Those are issues for another day.

10

The Court's rulings here should in no way be construed as indicative of how the Court would rule or instruct the jury regarding any equivalency arguments.

SO ORDERED:

Dated: New York, New York
March 14, 2012

*/s/ K. B. Forrest*
KATHERINE B. FORREST
United States District Judge